Wendy L. Wyse (SBN 068284)
J. Hank Edson (SBN 233016)
KEEGIN HARRISON SCHOPPERT
  SMITH & KARNER LLP
1000 Fourth Street, Suite 600
San Rafael, California 94901
Telephone:  (415) 456-400
Facsimile:   (415) 456-1921

Attorneys for Defendants
Cardiology Associates of Marin and
  San Francisco Medical Group, Inc.,
Cardiovascular Associates of Marin and
  San Francisco Medical Group, Inc.,
and Joel Sklar, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WENDY WESTCOTT, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>CARDIOLOGY ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC.; CARDIOVASCULAR ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC., and JOEL SKLAR, MD,<br><br>            Defendants. | No. CV-08-1887-JSW<br><br>**ANSWER OF DEFENDANTS CARDIOLOGY ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC., CARDIOVASCULAR ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC. AND JOEL SKLAR, M.D. TO COMPLAINT** |

## ANSWER

Defendants Cardiology Associates of Marin and San Francisco Medical Group, Inc. and Cardiovascular Associates of Marin and San Francisco Medical Group, Inc. (together "CAMSF") and Joel Sklar, M.D. (collectively, "Defendants") hereby answer the Class Action Complaint of Wendy Westcott ("Plaintiff"), individually and on behalf of all others similarly situated (the "Complaint"), as follows

## JURISDICTION AND VENUE

   1.   Defendants admit that CAMSF is an enterprise and that it employs

1  mechanisms of interstate commerce, such as the telephone, postal delivery and other
2  interstate delivery services and the Internet, in the course of its business.  Except as
3  expressly admitted herein, Defendants are without knowledge or information sufficient to
4  form a belief as to the remaining averments of paragraph 1 and, on that basis, deny each
5  and every one of them.

## PARTIES AND JURISDICTION

7       2.    Defendants are without knowledge or information sufficient to form a belief
8  as to the averments of paragraph 2 and, on that basis, deny each and every averment
9  contained therein.

10      3.    Defendants admit that Cardiovascular Associates of Marin and San Francisco
11 Medical Group, Inc. was and is a professional corporation doing business in the state of
12 California and aver that it is the same corporation that was previously named Cardiology
13 Associates of Marin and San Francisco Medical Group, Inc. and, under that name, was
14 doing business in the state of California.  Defendants further admit that Sklar is an
15 individual physician; that CAMSF has in the past maintained offices in the counties of
16 Marin and San Francisco; that CAMSF currently maintains offices in Marin County; that
17 CAMSF employs and has employed some individuals on an hourly basis; that Plaintiff was
18 an employee of CAMSF; and that CAMSF has significant contacts with Marin County.
19 Except as expressly admitted herein, Defendants deny each and every averment contained
20 in paragraph 3.

21      4.    There is no paragraph 4 in the Complaint.

## GENERAL ALLEGATIONS

23      5.    Defendants admit that Westcott worked for CAMSF from approximately July
24 2005 through October 2007 as a front desk receptionist at CAMSF's office in Greenbrae,
25 Marin County, California.  Except as expressly admitted herein, Defendants deny each and
26 every averment contained in paragraph 5.

27      6.    Defendants admit the averments of paragraph 6 of the Complaint.

28      7.    Defendants admit the existence of sections 201 and 202 of the California

1  Labor Code and aver that the provisions of each such section are as set forth in that Code.
2  Except as expressly admitted herein, Defendants are without knowledge or information
3  sufficient to form a belief as to the remaining averments of paragraph 7 and, on that basis,
4  deny each and every one of them.

5      8.   Defendants deny each and every averment of paragraph 8 of the Complaint.
6      9.   Defendants deny each and every averment of paragraph 9 of the Complaint.
7      10.  Defendants admit the existence of section 203 of the California Labor Code
8  and aver that the provisions of such section are as set forth in that Code. Except as
9  expressly admitted herein, Defendants are without knowledge or information sufficient to
10 form a belief as to the remaining averments of paragraph 10 and, on that basis, deny each
11 and every one of them.

12     11.  Defendants deny each and every averment of paragraph 11 of the Complaint.
13     12.  Defendants admit the existence of section 1198 of the California Labor Code
14 and aver that the provisions of such section are as set forth in that Code. Except as
15 expressly admitted herein, Defendants are without knowledge or information sufficient to
16 form a belief as to the remaining averments of paragraph 12 and, on that basis, deny each
17 and every one of them.

18     13.  Defendants are without knowledge or information sufficient to form a belief
19 as to the averments of paragraph 13 and, on that basis, deny each and every averment
20 contained therein.

21     14.  Defendants admit the existence of Wage Order Number 4 and aver that the
22 provisions of that Wage Order are as set forth therein. Except as expressly admitted herein,
23 Defendants are without knowledge or information sufficient to form a belief as to the
24 remaining averments of paragraph 14 and, on that basis, deny each and every one of them.

25     15.  Defendants admit the existence of sections 226.7 and 512 of the California
26 Labor Code and aver that the provisions of each such section are as set forth in that Code.
27 Except as expressly admitted herein, Defendants are without knowledge or information
28 sufficient to form a belief as to the remaining averments of paragraph 15 and, on that basis,

1 | deny each and every one of them.

2 |     16.    Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 16 and, on that basis, deny each and every averment contained therein.

    17.    Defendants admit the existence of section 558 of the California Labor Code and aver that the provisions of such section are as set forth in that Code. Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 17 and, on that basis, deny each and every one of them.

    18.    Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 18 and, on that basis, deny each and every averment contained therein.

    19.    Defendants admit the existence of sections 226 and 226.3 of the California Labor Code and aver that the provisions of each such section are as set forth in that Code. Defendants deny that they failed to provide Plaintiff with any data required by law. Defendants admit that Exhibit 1 to the Complaint contains some earnings statements provided by CAMSF to Plaintiff. Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 19 and, on that basis, deny each and every one of them.

    20.    Defendants admit the existence of section 204(a) of the California Labor Code and aver that the provisions of such section are as set forth in that Code. Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 20 and, on that basis, deny each and every one of them.

    21.    Defendants admit the existence of section 510(a) of the California Labor Code and aver that the provisions of such section are as set forth in that Code. Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 21 and, on that basis, deny each

1 and every one of them.

2     22.    Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 22 and, on that basis, deny each and every averment contained therein.

    23.    Defendants admit the existence of sections 1194 and 1194.2 of the California Labor Code and aver that the provisions of each such section are as set forth in that Code. Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 23 and, on that basis, deny each and every one of them.

    24.    Defendants deny each and every averment of paragraph 24 of the Complaint.

    25.    Defendants admit the existence of section 2699 of the California Labor Code and aver that the provisions of such section are as set forth in that Code. Except as expressly admitted herein, Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 25 and, on that basis, deny each and every one of them.

    26.    Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 26 and, on that basis, deny each and every averment contained therein.

## CLASS-ACTION ALLEGATIONS

    27.    Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 27 and, on that basis, deny each and every averment contained therein.

    28.    Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 28 and, on that basis, deny each and every averment contained therein.

    29.    Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 29 and, on that basis, deny each and every averment contained therein.

1    30.  Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 30 and, on that basis, deny each and every averment contained therein.

4    31.  Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 31 and, on that basis, deny each and every averment contained therein.

7    32.  Defendants deny each and every averment of paragraph 32 of the Complaint.
8    33.  Defendants deny each and every averment of paragraph 33 of the Complaint.
9    34.  Defendants deny each and every averment of paragraph 34 of the Complaint.
10   35.  Defendants deny each and every averment of paragraph 35 of the Complaint.
11   36.  Defendants deny each and every averment of paragraph 36 of the Complaint.
12   37.  Defendants deny each and every averment of paragraph 37 of the Complaint.
13   38.  Defendants deny each and every averment of paragraph 38 of the Complaint.
14   39.  Defendants deny each and every averment of paragraph 39 of the Complaint.

### **FLSA COLLECTIVE ACTION ALLEGATIONS**

16   40.  Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 40 and, on that basis, deny each and every averment contained therein.

19   41.  Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 41 and, on that basis, deny each and every averment contained therein.

22   42.  Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 42 and, on that basis, deny each and every averment contained therein.

25   43.  Defendants are without knowledge or information sufficient to form a belief as to the averments of paragraph 43 and, on that basis, deny each and every averment contained therein.

28   ///

### FIRST CLAIM FOR RELIEF

44. CAMSF incorporates by reference its responses to each and every averment set forth in the Complaint.

45. CAMSF denies each and every averment of paragraph 45 of the Complaint.

46. CAMSF denies each and every averment of paragraph 46 of the Complaint.

47. CAMSF denies each and every averment of paragraph 47 of the Complaint.

### SECOND CLAIM FOR RELIEF

48. CAMSF incorporates by reference its responses to each and every averment set forth in the Complaint.

49. CAMSF denies each and every averment of paragraph 49 of the Complaint.

50. CAMSF denies each and every averment of paragraph 50 of the Complaint.

### THIRD CLAIM FOR RELIEF

51. CAMSF incorporates by reference its responses to each and every averment set forth in the Complaint.

52. CAMSF denies each and every averment of paragraph 52 of the Complaint.

### FOURTH CLAIM FOR RELIEF

53. CAMSF incorporates by reference its responses to each and every averment set forth in the Complaint.

54. CAMSF denies each and every averment of paragraph 54 of the Complaint.

### FIFTH CLAIM FOR RELIEF

55. Defendants incorporate by reference their responses to each and every averment set forth in the Complaint.

56. Defendants deny each and every averment of paragraph 56 of the Complaint.

57. Defendants deny each and every averment of paragraph 57 of the Complaint.

### SIXTH CLAIM FOR RELIEF

58. Defendants incorporate by reference their responses to each and every averment set forth in the Complaint.

59. Defendants deny each and every averment of paragraph 59 of the Complaint.

1  60. Defendants deny each and every averment of paragraph 60 of the Complaint.
2  61. Defendants deny each and every averment of paragraph 61 of the Complaint.
3  62. Defendants deny each and every averment of paragraph 62 of the Complaint.
4  63. Defendants deny each and every averment of paragraph 63 of the Complaint.
5  64. Paragraph 64 of the Complaint does not set forth an averment and, on that basis, Defendants cannot admit or deny.

## AFFIRMATIVE DEFENSES

Defendants raise the following affirmative defenses to the Complaint. In so doing, Defendants do not assume any burden of proof. Defendants reserve the right to raise additional defenses as facts are obtained during the course of discovery.

### FIRST DEFENSE
(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE
(Good Faith Action or Omission and
Reasonable Belief of No Minimum Wage Violation)

Plaintiff is not entitled to liquidated damages because any act or omission averred by Plaintiff was in good faith and Defendants had reasonable grounds for believing that their conduct did not violate any provision of the California Labor Code, the Industrial Welfare Commission order relating to the minimum wage or the Fair Labor Standards Act.

### THIRD DEFENSE
(Statute of Limitations)

Plaintiff's Complaint is barred with respect to those members of the putative class who failed to commence the action within the applicable statute of limitations.

### FOURTH DEFENSE
(Good Faith Reliance on Federal Statutory Provisions)

Plaintiff's is not entitled to damages on her Fifth Claim for Relief because Defendants acted in good-faith conformity with and reliance on written administrative regulations, orders rulings, approvals or interpretations of the Administrator of the Wage

and Hour Division of Department of Labor or on the administrative practice or enforcement policy of that agency.

### FIFTH DEFENSE
### (Defendant Not A Proper Party)

Defendant Joel Sklar, M.D. is not a proper party to this Complaint.

### SIXTH DEFENSE
### (Laches)

Plaintiff's claims set forth in the Sixth Claim for Relief are barred, in whole or in part, and recovery is limited or excluded based on the doctrine of laches.

### SEVENTH DEFENSE
### (Unclean Hands)

Plaintiff's claims set forth in the Sixth Claim for Relief are barred, in whole or in part, and recovery is limited or excluded based on the doctrine of unclean hands.

### EIGHTH DEFENSE
### (Waiver)

Plaintiff's claims set forth in the Sixth Claim for Relief are barred, in whole or in part, because Plaintiff has waived any recovery to which she might have otherwise been entitled against Defendants.

### NINTH DEFENSE
### (Estoppel

Plaintiff's claims set forth in the Sixth Claim for Relief are barred, in whole or in part, because Plaintiff is estopped by reason of her own conduct from recovering against Defendants based on the claims set forth in the Sixth Claim for Relief.

### PRAYER FOR JUDGMENT

Defendants deny that Plaintiff is entitled to any of the relief prayed for in her prayer for judgment.

///

///
Case No. CV-08-1887-EMC                                                                 9
**ANSWER OF DEFENDANTS CARDIOLOGY ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC., CARDIOVASCULAR ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC., AND JOEL SKLAR, M.D.TO COMPLAINT**

Dated: June 19, 2008

        KEEGIN HARRISON SCHOPPERT
         SMITH & KARNER LLP

        By  /s/ Wendy L. Wyse
          Wendy L. Wyse
        Attorneys for Defendants
        Cardiology Associates of Marin and San Francisco
        Medical Group, Inc., Cardiovascular Associates of
        Marin and San Francisco Medical Group, Inc. and Joel
        Sklar, M.D.

Case No. CV-08-1887-EMC                 10
**ANSWER OF DEFENDANTS CARDIOLOGY ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC., CARDIOVASCULAR ASSOCIATES OF MARIN AND SAN FRANCISCO MEDICAL GROUP, INC., AND JOEL SKLAR, M.D.TO COMPLAINT**